**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DAVID D. BATTLE, JR.,

Plaintiff,

v. Case No. 8:26-cv-3080-KKM-SPF

TAMPA GENERAL HOSPITAL /
FLORIDA HEALTH SCIENCES
CENTER, INC., et al.,

Defendant.

---

# ORDER

Plaintiff David D. Battle, Jr., sues Tampa General Hospital and eight other defendants. He asserts twelve counts that include, among other things, allegations that the defendants violated the Fair Credit Reporting Act and the Racketeer Influenced and Corrupt Organizations Act. *See* Compl. (Doc. 1). He also alleges that the defendants abused process and maliciously prosecuted him in violation of Florida common law despite a state-court judgment against him, which he mischaracterizes as favorable. *See id.* ¶ 107.

Battle previously filed a similar complaint in a separate action. *See* Compl., *Battle v. Tampa Gen. Hosp. / Fla. Health Scis. Ctr., Inc.*, No. 8:26-cv-2454-KKM-SPF (M.D. Fla. Aug. 21, 2026), Dkt. No. 1. I dismissed that complaint because it was a shotgun pleading and explained that it was

deficient and appeared to impermissibly challenge a state-court judgment and to bring claims under a federal criminal statute. *See* Order, *Battle v. Tampa Gen. Hosp. / Fla. Health Scis. Ctr., Inc.*, No. 8:26-cv-2454-KKM-SPF (M.D. Fla. Aug. 25, 2026), Dkt. No. 7. I allowed Battle to file an amended complaint. *Id.* He did not, so I was divested of subject-matter jurisdiction over the action. *See* Order, *Battle v. Tampa Gen. Hosp. / Fla. Health Scis. Ctr., Inc.*, No. 8:26-cv-2454-KKM-SPF (M.D. Fla. Sept. 15, 2026), Dkt. No. 10 (citing *Auto. Alignment & Body Servs., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–22 (11th Cir. 2020)).

The complaint in this case suffers many of the same deficiencies as his earlier complaint. Much of it "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any cause of action" and does not provide the defendants with sufficient notice as to the nature of the claims and the facts upon which they are based. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1324 (11th Cir. 2015); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018). For example, although there are eight defendants that include a hospital, credit reporting agencies, and law firms, the complaint alleges that "[e]ach Respondent acted as an agent, alter ego, affiliate, co-conspirator, or joint venturer of the others." Compl. ¶ 16. It also repeatedly mentions the absence of a "chain of evidence," "chain of title," "board-authorized agency," "authenticated accounting," and

"authenticated ownership" without adequately explaining why these documents were required of each defendant or how their absence supports the elements of his claims. *Id.* ¶¶ 18, 20, 37, 41, 47–48, 73–75, 79–80, 91, 100. Further, the second count impermissibly incorporates the entire first count. *See* Compl. ¶ 51; *see Weiland*, 792 F.3d at 1322–23. Because of these deficiencies, I dismiss the complaint without prejudice.

Battle initiated six actions in the Middle District of Florida between June and September 2026, each of which was dismissed because of an impermissible shotgun pleading.[1] He brings this action along with four others and has now brought eleven actions in this district in recent months.[2]

Battle is warned that, under Federal Rule of Civil Procedure 11, an unrepresented party may be subject to sanctions, including monetary

---

[1] *See* Order, *Battle v. Truist Fin. Corp.*, No. 26-cv-1714-JLB-AAS (M.D. Fla. June 30, 2026), Dkt. No. 11; Order, *Battle v. JPMorgan Chase Bank, N.A.*, No. 8:26-cv-2342-KKM-AEP (M.D. Fla. Sept. 15, 2026), Dkt. No. 9; Order, *Battle v. Am. Express Co.*, No. 8:26-cv-2429-TPB-GDP (M.D. Fla. Sept. 23, 2026), Dkt. No. 10; Order, *Battle v. Tampa Gen. Hosp. / Fla. Health Scis. Ctr., Inc.*, No. 8:26-cv-2454-KKM-SPF (M.D. Fla. Sept. 15, 2026), Dkt. No. 10; Order, *Battle v. Truist Fin. Corp.*, No. 8:26-cv-2457-TPB-LSG (M.D. Fla. Sept. 23, 2026), Dkt. No. 9; Order, *Battle v. Citibank, N.A.*, No. 8:26-cv-2470-KKM-NHA (M.D. Fla. Sept. 29, 2026), Dkt. No. 9.

[2] *See* Compl., *Battle v. Truist Fin. Corp.*, No. 8:26-cv-3076-MSS-LSG (M.D. Fla. Oct. 9, 2026), Dkt. No. 1; Compl., *Battle v. Am. Express Co.*, No. 8:26-cv-3077-WFJ-NHA (M.D. Fla. Oct. 9, 2026), Dkt. No. 1; Compl., *Battle v. Citibank, N.A.*, No. 8:26-cv-3079-TPB-AAS (M.D. Fla. Oct. 9, 2026), Dkt. No. 1; Compl., *Battle v. Tampa Gen. Hosp. / Fla. Health Scis. Ctr., Inc.*, No. 8:26-cv-3080-KKM-SPF (M.D. Fla. Oct. 9, 2026), Dkt. No. 1; Compl., *Battle v. JPMorgan Chase Bank, N.A.*, No. 8:26-cv-3081-MSS-GDP (M.D. Fla. Oct. 9, 2026), Dkt. No. 1.

sanctions, if a court determines that he has brought frivolous claims or presented papers to the court for the improper purpose of harassing, causing unnecessary delay, or needlessly increasing litigation costs. His conduct in the above noted eleven actions approaches crossing that Rule 11 line.

The following is **ORDERED**:

1. The Complaint, (Doc. 1), is **DISMISSED**.
2. The Motion to Proceed in Forma Pauperis, (Doc. 2), is moot and therefore **DENIED without prejudice**.
3. Battle is granted leave to amend his complaint no later than **November 3, 2026**.
4. If electing to refile, Battle must pay the $405 filing fee or move to proceed in forma pauperis when he files the amended complaint.
5. If Battle fails to amend the complaint, submits another shotgun pleading, or does not pay the filing fee or move to proceed in forma pauperis when he files the amended complaint, this action will be dismissed without further notice.

**ORDERED** in Tampa, Florida, October 20, 2026.

Kathryn Kimball Mizelle
United States District Judge